

SHAWN BARNES PARTNER

📞 862.233.8320   ✉ sbarnes@ck-litigation.com   🌐 ck-litigation.com

May 13, 2026

Honorable Jesse M. Furman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 24B
New York, New York 10007

**Re.:**    **H&H Metals Corp. v. Ashishkumar Balvantbhai Patel, et al.**
       **Civil Case No. 26-CV-1054 (JMF)**

Dear Judge Furman:

This Firm represents Plaintiff H&H Metals Corp. ("H&H") in the above-captioned matter. For the reasons outlined herein, we believe that Rule 4(m)'s 90-day deadline for service is inapplicable, as all named defendants reside and/or are located outside of the United States. Nevertheless, in response to the Court's May 11, 2026 Order (ECF No. 17) regarding the status of service and in an abundance of caution, we respectfully submit this letter-motion seeking an extension of the allotted time for service.

Pursuant to Paragraph 2(D) of the Court's Individual Rules and Practices in Civil Cases, Plaintiff states: (1) the original 90-day service deadline under Federal Rule of Civil Procedure 4(m), if applicable, was May 7, 2026; (2) Plaintiff has made no previous requests for adjournment or extension of this deadline; (3) no previous requests have therefore been granted or denied; (4) the reasons for the requested extension are set forth in detail below; (5) no Defendant has appeared in this action, and Plaintiff has accordingly been unable to obtain or solicit any Defendant's position on this request; and (6) the parties' next scheduled appearance before the Court is the initial pretrial conference on June 24, 2026 (ECF No. 17), and there are no other deadlines presently set in this action that would be affected by the requested extension.

## Background

Plaintiff initiated this matter by filing a complaint on or about February 6, 2026 (the "Complaint"). See ECF No. 1. The Complaint names five (5) individuals and entities as captioned defendants – all five are foreign defendants and located outside of the United States.

One Newark Center, 1085 Raymond Blvd., 18th Floor, Newark, NJ 07102 | 85 Broad Street, Suite 17031, New York, NY 10004 | 862.397.1796

Letter-Motion to the Honorable Jesse M. Furman, United States District Judge, May 13, 2026
Page 2 of 4

### Defendant Ashishkumar Balvantbhai Patel

Defendant Ashishkumar Balvantbhai Patel is the only Defendant residing and/or located outside of the Kingdom of Morocco.  Defendant Patel was personally served in London, England on April 14, 2026, pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii) and Article 10 of the Hague Service Convention (the "Convention"). Proof of service was filed on April 28, 2026. ECF No. 15. Defendant Patel's response to the Complaint was due on May 5, 2026.  As of this writing, Patel has not appeared, defended, or otherwise communicated his intentions with respect to the Complaint.  On or about May 8, 2026, Plaintiff filed a Request for a Certificate of Default as to Patel.  ECF No. 16.  In response to a May 11, 2026 docket entry from the Clerk's Office, Plaintiff corrected certain filing errors and refiled the Request for a Certificate of Default as to Patel and supporting documents on May 12, 2026.  ECF Nos. 18-19. The Clerk's Office entered the Certificate of Default against Defendant Patel on May 13, 2026. (ECF No. 20).

### The Four Morocco-Based Defendants

The four remaining Defendants are located in the Kingdom of Morocco.  More specifically:

- **Abdelattif Asri**, an individual, has two known addresses: 154 Lot El Karam, Midelt, Morocco; and Miniere Nejma SARL, 37 Angle Rues Brahim Roudani et Nador, Mohammdia, Morocco (see ECF No. 13);

- **AIM Holding SARL[1]**, an entity, has one known location: IMM 267 OP 7 Fedaous GH 28, 2 Etage Apt. No. 8, Oulfa, Casablanca, Morocco (see ECF No. 9);

- **Naya Mines SARL**, an entity, has one known location: 23 Bd Okba Bnou Nafl, Hay Mohammadl, Casablanca, Morocco (see ECF No. 12); and

- **Delta Minerals Trading SARL**, an entity, has one known location: 75 Rue Saint Saens 1er Etage, Apartment 1, Belvedere, Casablanca, Morocco (see ECF No. 11).

Pursuant to Fed. R. Civ. P.  4(f) and 4(h)(2), proper service must be accomplished through the Hague Service Convention.  Unlike the United Kingdom, Morocco has objected to Article 10 of the Convention, which forecloses direct service by mail, by judicial officers, or by private process servers.  The exclusive means of valid service in Morocco is, therefore, through its designated Central Authority, which in turn requires that all documents to be served be translated into Arabic pursuant to Article 5(3) of the Convention.  Plaintiff has retained certified Arabic legal translators to translate the Summons, Complaint, and exhibits (which comprise several hundred pages); prepared United States Marshals' Form-94 (USM-94) forms for each Defendant; and is awaiting

---

[1]        A Société à Responsabilité Limitée, or SARL, is a type of limited liability company in Morocco, commonly used for small and medium-sized enterprises.

Letter-Motion to the Honorable Jesse M. Furman, United States District Judge, May 13, 2026
Page 3 of 4

receipt of the sworn original translations by overnight courier, after which the Hague request packets will be transmitted to Morocco's Central Authority without delay.

## Application of Rule 4(m)

Generally, Fed. R. Civ. P. 4(m) requires that defendants be served within 90 days after the complaint is filed. Service in foreign countries, however, is specifically exempted from the Rule's 90-day limit. By its express terms, Rule 4(m)'s 90-day deadline "does not apply to service in a foreign country under Rule 4(f) [Serving an Individual in a Foreign Country], 4(h)(2) [Serving a Corporation, Partnership, or Association in a Foreign Country], or 4(j)(1) [Serving a Foreign State]." Fed. R. Civ. P. 4(m); Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 118 fn. 2 (SDNY 2010) (stating "[t]here is no time limit by which service must be effected on a defendant in a foreign country pursuant to Rule 4(f)."). Undeniably, a party cannot invoke the foreign service exception when they have made no efforts at service. See, e.g., USHA (India), Ltd. v. Honeywell Int'l, Inc., 421 F.3d 129, 133-34 (2d Cir. 2005); Nylok Corp. v. Fastener World Inc., 396 F.3d 805, 807 (7th Cir. 2005). But as is the case here, "if a timely attempt to serve the defendant in a foreign country is made, a 'reasonable diligence' standard is applied to determine whether the delay by the plaintiff is excusable due to challenges encountered in making foreign service. Fallman v. Hotel Insider, Ltd., 2016 WL 5875031 at *4 (S.D.N.Y. 2016) (citing and quoting in part Lozano v. Bosdet, 693 F.3d 485, 489 (5th Cir. 2012)).

Here, Plaintiff has undertaken significant efforts to serve the foreign defendants in this case. First, Plaintiff retained counsel and private process servers in the United Kingdom in order to serve Defendant Patel, who was validly served on or about April 14, 2026. Second, Plaintiff immediately began the process of having the documents required to be served under Fed. R. Civ. P. 4(c)(1), that is, the Summonses and Complaint with Exhibits, translated into Arabic, as required by Morocco's Central Authority. The Complaint and Exhibits are incredibly lengthy – they consist of nearly 700 pages (see ECF No. 1), 286 of which had to be translated (see Declaration of Shawn Barnes dated May 13, 2026, Exhibit A). Plaintiff's efforts to obtain translations of several hundred pages into Arabic and preparation of complete Hague request packets evidences the type of diligence that is required in foreign-service scenarios.

For these reasons, Plaintiff respectfully submits that the allotted time for service be extended for no less than 90 days.

## The May 11, 2026 Order

The Court's Order of May 11, 2026 instructs Plaintiff to serve the Order on Defendants' attorneys or, if counsel is unknown, the respective party personally.

No counsel has appeared for any Defendant. Plaintiff has accordingly served a copy of the May 11, 2026 Order on Defendant Patel by international express mail (with tracking) to six last-

Letter-Motion to the Honorable Jesse M. Furman, United States District Judge, May 13, 2026
Page 4 of 4

known UK and Moroccan addresses. A courtesy copy has also been transmitted to Mr. Emmanuel Chukwuma, a Registered Foreign Lawyer in the United Kingdom whom Patel has identified as his lawyer in contemporaneous WhatsApp communications, with no representation made that Mr. Chukwuma has been engaged to serve as counsel for Patel in this action (or that he holds the necessary licenses and admissions to do so).  A Certificate of Service regarding service of the May 11, 2026 Order and service of the instant application is being filed contemporaneously.

With respect to the four Moroccan Defendants, who have not yet been formally served with the Complaint and are not yet on notice of this action, Plaintiff respectfully proposes that the May 11, 2026 Order be included in the Hague request packets to be transmitted to Morocco's Central Authority, so that the Order reaches those Defendants through the only permissible channel. Plaintiff is concerned that transmitting the Order to those Defendants by mail or email, in advance of formal service, could be characterized by Defendants (or the Kingdom of Morocco) as an extra-Convention contact, which could ultimately jeopardize the validity of any service accomplished through the Convention.  If the Court prefers immediate transmittal notwithstanding that concern, Plaintiff respectfully requests that the Court so direct and will promptly comply, filing a supplemental Certificate of Service.

## Conclusion

For the reasons outlined herein, we respectfully request that the Court grant Plaintiff's application to extend the time for service by no less than 90 days.

\* \* \*

We thank Your Honor for the Court's consideration.

Respectfully submitted,

Shawn Barnes, Partner
Calcagni & Kanefsky LLP