**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| H&H METALS CORP., <br><br> *Plaintiff,* <br><br> v. <br><br> ASHISHKUMAR BALVANTBHAI PATEL, ABDELATTIF ASRI, AIM HOLDING SARL, NAYA MINES SARL, and DELTA MINERALS TRADING SARL, <br><br> *Defendants.* | Case No. 1:26-cv-01054-JMF <br><br><br> **DECLARATION OF SHAWN P. BARNES IN SUPPORT OF LETTER MOTION EXTENDING THE TIME FOR SERVICE** |

I, SHAWN P. BARNES, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, as follows:

1.    I am an attorney duly admitted to practice before this Court and I am a partner with the law firm of Calcagni & Kanefsky, LLP, counsel of record for Plaintiff H&H Metals Corp. ("H&H") in the above-captioned action.

2.    I submit this Declaration in response to the Court's Order dated May 11, 2026 (ECF No. 17), and in Support of Plaintiff's Letter-Motion to Extend the Time for Service.

**<u>SERVICE ON DEFENDANT PATEL</u>**

3.    On February 6, 2026, H&H commenced this action by filing a Complaint against Defendant Ashishkumar Balvantbhai Patel ("Defendant Patel") and four other Defendants. (ECF No. 1.)

4.    All five defendants reside and/or are located outside of the United States. (ECF Nos. 9-13.)

5.    On April 14, 2026, Defendant Patel was personally served with the Summons, Civil Cover Sheet, Rule 7.1 Corporate Disclosure Statement, Complaint, and Exhibits A through V

1

thereto, at the offices of Stewarts Law LLP, 5 New Street Square, London EC4A 3BF, England, by Mr. Dominic Bacon, a Solicitor of the Senior Courts of England and Wales. Service was effected pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) and Article 10(b) and (c) of the Hague Service Convention. Proof of service was filed on April 28, 2026 (ECF No. 15.). The facts of service are further detailed in the Declaration of Shawn P. Barnes in Support of Request for Certificate of Default dated May 8, 2026 (ECF No. 16) and the Declaration of Dominic Bacon annexed thereto (ECF No. 16, Ex. C).

6.      Defendant Patel's time to answer or otherwise respond to the Complaint expired on May 5, 2026.  Defendant Patel has not appeared, has not answered, and has not moved with respect to the Complaint.  H&H's Request for Certificate of Default against Defendant Patel was filed on May 8, 2026 (ECF No. 16) and refiled to correct filing errors on May 12, 2026 (ECF Nos. 18-19). The Clerk's Office entered the Certificate of Default against Patel on May 13, 2026. (ECF No. 20).

**SERVICE ON THE MOROCCAN DEFENDANTS IS IN PROGRESS UNDER THE HAGUE SERVICE CONVENTION**

7.      Each of the four remaining Defendants are located in the Kingdom of Morocco: Defendant Abdelattif Asri (an individual residing in Casablanca) and Defendants AIM Holding SARL, Naya Mines SARL, and Delta Minerals Trading SARL (each a Moroccan société à responsabilité limitée with its registered office in Morocco) (collectively, the "Moroccan Defendants"). Moroccan addresses for each of the Moroccan Defendants are detailed in the respective summonses to each. (ECF Nos. 9-13).

8.      Service on the Moroccan Defendants is governed by Federal Rules of Civil Procedure 4(f) and 4(h)(2) and must be accomplished through the Hague Service Convention (the "Convention") as applied to the Kingdom of Morocco.

9.      The Kingdom of Morocco agreed to the Hague Service Convention on or about November 1, 2011.  Morocco has, however, objected to Article 10 of the Convention in its entirety, thereby foreclosing direct service of process by mail, by judicial officers, or by private process servers. The exclusive method for formal service of process in Morocco is through Morocco's designated Central Authority, which is the Ministère de la Justice, Direction des Affaires Civiles, in Rabat.  Morocco further requires, pursuant to Article 5(3) of the Convention, that all documents to be served be translated into Arabic.

10.     Plaintiff has been actively pursuing service on the Moroccan Defendants. The principal steps undertaken to date include: (a) retaining and paying a certified Arabic legal translation service to translate the Summons, Complaint, all exhibits annexed thereto, and the Article 5 Summary, comprising several hundred pages of technical legal material; (b) preparation of separate USM-94 forms (Request for Service Abroad of Judicial or Extrajudicial Documents) for each of the four Moroccan Defendants, with cover correspondence to Morocco's Central Authority. Plaintiff is currently awaiting receipt by overnight courier of the original sworn translations and will dispatch the Hague request packets promptly upon their arrival.

11.     In further support of this application, Plaintiff attaches true and accurate copies of: receipts and payment information for the above-referenced Arabic translations as **Exhibit A**.

12.     Based on guidance published by the Hague Conference on Private International Law and the experience of counsel with Moroccan Central Authority service, processing times for Hague requests in Morocco are typically six to eighteen months from transmittal to return of a certificate of service.

### <u>TRANSMITTAL OF THE MAY 11, 2026 ORDER TO DEFENDANT PATEL</u>

13.     No counsel has appeared for Defendant Patel in this action.  In compliance with the Court's directive in the May 11, 2026 Order that, where counsel's identity is unknown, a copy of

the Order be sent to the party "personally," on May 12, 2026, Plaintiff caused a true and correct copy of the May 11, 2026 Order to be served on Defendant Patel by international express mail (with tracking) to each of six last-known residential and business addresses associated with Defendant Patel in the United Kingdom and the Kingdom of Morocco. The addresses to which transmittal was made are set forth in the Certification of Service filed by the undersigned on May 13, 2026.

14.     In an abundance of caution, on May 13, 2026, H&H also caused a courtesy copy of the May 11, 2026 Order to be transmitted by email to Mr. Emmanuel Chukwuma, a Registered Foreign Lawyer in the United Kingdom whom Defendant Patel previously identified as his lawyer in contemporaneous WhatsApp communications.  The transmission to Mr. Chukwuma is a courtesy copy only; Plaintiff has no reason to believe that Mr. Chukwuma is counsel for Defendant Patel in this action or that he is authorized to accept process or appear in this Court.

## STATUS REGARDING TRANSMITTAL OF THE MAY 11, 2026 ORDER TO THE MOROCCAN DEFENDANTS

15.     The Moroccan Defendants have not yet been formally served with the Summons and Complaint and are not yet on notice of this action. As explained in the accompanying letter-motion to the Court, Plaintiff respectfully proposes that the May 11, 2026 Order be included in the Hague request packets to be transmitted to Morocco's Central Authority, so that the Order reaches the Moroccan Defendants through the only channel that Morocco permits for international service, so as to avoid the appearance of any extra-Convention contact that could be seen to violate express terms of the Convention.  Should the Court prefer, Plaintiff will promptly transmit the Order by other means and file a supplemental Certificate of Service if so directed.

4

## STATUS OF DEFENDANT PATEL

16.    Upon information and belief, based on the matters set forth in the May 8, 2026 Declaration of Shawn P. Barnes (ECF No. 16, ¶¶ 8-9), Defendant Patel is an adult, competent individual, and is not in the active military service of the United States of America within the meaning of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931(b)(1).

\* \* \*

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: May 13, 2026
        Newark, New Jersey

Shawn P. Barnes, Esq.
*Attorney for Plaintiff H&H Metals Corp*

5