CALCAGNI KANEFSKY LLP
LITIGATION / INVESTIGATIONS

SHAWN BARNES PARTNER
862.233.8320 sbarnes@ck-litigation.com ck-litigation.com

The Court thanks Plaintiff for this update. Plaintiff shall file another status update on **December 4, 2026**, and the first business day of every other month thereafter until ordered otherwise.

SO ORDERED.

October 5, 2026

October 5, 2026

Honorable Jesse M. Furman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 24B
New York, New York 10007

**Re.:** **H&H Metals Corp. v. Ashishkumar Balvantbhai Patel, et al.**
**Civil Case No. 26-CV-1054 (JMF)**

Dear Judge Furman:

This Firm represents Plaintiff H&H Metals Corp. ("H&H") in the above-captioned matter. We write to provide the Court with an update as to the status of service on the outstanding defendants in this case.

## Background

Plaintiff initiated this matter by filing a complaint on or about February 6, 2026 (the "Complaint"). See ECF No. 1. The Complaint names five (5) individuals and entities as captioned defendants – all five are foreign defendants and located outside of the United States.

Defendant **Ashishkumar Balvantbhai Patel** is the only Defendant residing and/or located outside of the Kingdom of Morocco. Defendant Patel was personally served in London, England on April 14, 2026, pursuant to Fed. R. Civ. P. 4(f)(2)(C)(ii) and Article 10 of the Hague Service Convention (the "Convention"). Proof of service was filed on April 28, 2026. ECF No. 15. Defendant Patel's response to the Complaint was due on May 5, 2026. As of this writing, Patel has not appeared, defended, or otherwise communicated his intentions with respect to the Complaint. The Clerk entered a Certificate of Default against Patel on May 13, 2026. ECF No. 20. Plaintiff anticipates filing a Motion for the Entry of a Default Judgment against Patel shortly.

The four remaining Defendants are located in the Kingdom of Morocco. More specifically:

- **Abdelattif Asri**, an individual, has two known addresses: 154 Lot El Karam, Midelt, Morocco; and Miniere Nejma SARL, 37 Angle Rues Brahim Roudani et Nador, Mohammdia, Morocco (see ECF No. 13);

- **AIM Holding SARL**[1], an entity, has one known location: IMM 267 OP Ferdaous GH 28, 2 Etage Apt. No. 8 Oulfa, Casablanca, Morocco (see ECF No. 9);

- **Naya Mines SARL**, an entity, has one known location: 23 Bd Okba Bnou Nafi, Hay Mohammadi, Casablanca, Morocco (see ECF No. 12); and

- **Delta Minerals Trading SARL**, an entity, has one known location: 75 Rue Saint Saens 1er Etage, Apartment 1 Belvedere, Casablanca, Morocco (see ECF No. 11).

Pursuant to Fed. R. Civ. P. 4(f) and 4(h)(2), proper service must be accomplished through the Hague Service Convention. Unlike the United Kingdom, Morocco has objected to Article 10 of the Convention, which forecloses direct service by mail, by judicial officers, or by private process servers. Thus, the means that were utilized to accomplish lawful service on Defendant Patel in the United Kingdom are unavailable in Morocco. The exclusive means of valid service in Morocco is, therefore, through its designated Central Authority, which in turn requires that all documents be translated into Arabic pursuant to Article 5(3) of the Convention prior to service.

**Present Efforts at Service**

The fully translated documents were shipped to local counsel in Morocco for submittal directly to Morocco's Central Authority for service under the Convention on August 7, 2026. Tracking showed that the package was significantly delayed with Moroccan customs officials. Attempting to resolve the issues, Plaintiff had extensive communications with FedEx International throughout August and September – more specifically, September 11, 16, 18, 22, 23, 28, and 29, 2026. On or about September 28, 2026, FedEx International notified Plaintiff that Moroccan customs had rejected the package and was returning it to the undersigned because the insurance value ($1,000) required submittal to a registered importer, which precluded delivery to Plaintiff's local counsel. We anticipate receiving the package this week (or next, at latest), at which time we will conform the package to Moroccan import regulations and reship same. As outlined above, Plaintiff has exercised diligence in our efforts to serve the four Defendants in Morocco. We will continue to act diligently as we move forward with service through the Hague Service Convention.

We thank Your Honor for the Court's consideration.

Respectfully submitted,

Shawn Barnes, Partner
Calcagni & Kanefsky LLP

---

1 A Société à Responsabilité Limitée, or SARL, is a type of limited liability company in Morocco, commonly used for small and medium-sized enterprises.