**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| H&H METALS CORP., *Plaintiff,* v. ASHISHKUMAR BALVANTBHAI PATEL, ABDELATTIF ASRI, AIM HOLDING SARL, NAYA MINES SARL, and DELTA MINERALS TRADING SARL, *Defendants.* | Case No. 1:26-cv-01054-JMF<br><br>~~[PROPOSED]~~ **DEFAULT JUDGMENT** |

WHEREAS Plaintiff H&H Metals Corp. ("H&H") commenced this action on February 6, 2026 by filing its Complaint (ECF No. 1);

WHEREAS Defendant Ashishkumar Balvantbhai Patel ("Patel") was personally served with the Summons and Complaint on April 14, 2026, and proof of service was filed on April 28, 2026 (ECF No. 15);

WHEREAS Patel failed to answer, move against, or otherwise respond to the Complaint within the time prescribed by the Federal Rules of Civil Procedure, and has not appeared in this action;

WHEREAS the Clerk of the Court entered a Certificate of Default against Patel on May 13, 2026 (ECF No. 20);

WHEREAS H&H has moved, pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2, for the entry of default judgment against Patel on its claims for fraudulent inducement (Count One), fraud (Count Two), and breaches of personal guaranty (Counts Six and Seven) (collectively, the "Subject Counts"); and

WHEREAS the Court has considered H&H's motion and the papers submitted in support thereof, and finds that the Court has subject-matter jurisdiction over this action and personal jurisdiction over Patel, that service of process on Patel was proper, and that the well-pleaded allegations of the Complaint establish Patel's liability on the claims for the Subject Counts;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:**

1. H&H's motion for default judgment against Patel is **GRANTED** as to H&H's claims for ~~fraudulent inducement, fraud, and~~ breaches of personal guaranty (*i.e.*, the Subject Counts).

2. Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason for delay and directs the entry of final judgment against Patel on the Subject Counts.

3. Final judgment is entered in favor of H&H and against Patel in the following amounts:

   a. $2,048,730.00 on the Naya Agency Obligation;

   b. $885,128 on the Delta Loan Obligation; and

   c. Pre-judgment interest of $1,042,698.72, computed through September 9, 2026, together with $1,657.00 for each day thereafter through the date of entry of this judgment; ~~and~~

   ~~d. Costs and reasonable attorneys fees in the amount of $194,369.21~~; for a

   e. Total judgment of ~~$4,170,925.93.~~ $3,976,556.72.

4. Post-judgment interest shall accrue on the total judgment at the federal statutory rate set forth in 28 U.S.C. § 1961 from the date of entry of this judgment until the judgment is satisfied in full.

fraudulent inducement, fraud

5. H&H's remaining claims against Patel, namely its claims for ^ fraudulent conveyance and unjust enrichment, are reserved for adjudication in connection with a single final judgment to be entered after the conclusion of the proceedings against the remaining Defendants.

6. This judgment adjudicates no claim against, and has no effect upon, Defendants Abdelattif Asri, AIM Holding SARL, Naya Mines SARL, or Delta Minerals Trading SARL.

It is **SO ORDERED**.

Dated: November 18, 2026
New York, New York

HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

As discussed during the hearing held earlier today, the Court will reserve judgment on Plaintiff's request for attorney's fees pending a revised request for such fees supported by contemporaneous billing records (and information concerning the reasonableness of the hourly rates). Plaintiff shall file any such revised request by November 24, 2026. (Failure to do so does not forfeit the right to recover fees and costs from Mr. Patel - instead, the issue would be adjudicated in connection with the adjudication of the remaining claims against all Defendants. Put differently, Plaintiff may elect to reserve its rights to see fees and costs until later, when it might not be necessary to differentiate between work done with respect to Mr. Patel versus the other Defendants. In the event that it does so, Plaintiff should file a letter by November 24, 2026, advising the Court and explicitly reserving its rights to seek fees and costs from Mr. Patel later.)